

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARQUEZ,<br><br>        Plaintiff<br>vs.<br><br>U.S. BANCORP, A DELAWARE CORPORATION; AND DOES 1-10<br><br>        Defendants. | Case No.: 2-18-cv-04235-SVW-JEM<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Priority ✓<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>JS-2/JS-3<br>Scan Only |

## I. Introduction

On December 18, 2018, the Court held a one-day bench trial in this action. The parties submitted testimony of the parties' direct witnesses. At trial, the parties cross-examined Plaintiff Luis Marquez and Peter Portillo. Having carefully reviewed and considered the evidence and the arguments of counsel as presented at trial and in their written submissions, the Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

## II. Findings of Fact

Defendant U.S. Bancorp, a national banking association, has a banking branch located at 15943 Paramount Boulevard in Paramount, California (the "Paramount Branch"). Plaintiff, a disabled person who uses a wheelchair for his mobility, visited the Paramount Branch on April 19, 2018.

1

Plaintiff alleged at trial that when he entered the bank for his banking transaction, he noticed that the teller window with a lowered transaction counter to accommodate disabled customers was unstaffed. Before approaching a teller at a window with a higher counter, Plaintiff photographed the unstaffed lowered counter. Plaintiff testified that he asked the teller at the higher counter, Peter Portillo, whether he could be helped at the lowered counter. According to Plaintiff, Portillo stated that the teller who was working at the lowered counter was on break. The transaction involved Plaintiff's cashing a check, which lasted around three minutes by Plaintiff's estimation. There was no testimony about the length of the other teller's break.

Portillo said that while he could not specifically recall the interaction with Plaintiff, he has never refused to assist a disabled customer at the lowered transaction counter. He testified that the lowered counter is never closed to a disabled customer during business hours. If the lowered counter is not staffed by a teller, any teller can move to that counter to process a transaction. Portillo further testified that he specifically offers, as a routine and uniform practice, all disabled customers to handle their transactions at the lowered counter. This practice is consistent with the policies and procedures of Defendant (as testified to by branch manager Lizbeth Santillian). Finally, Portillo testified that he never would have responded to Plaintiff in the way that Plaintiff indicated in his testimony.

The Court finds that the testimony of Portillo is more credible than that of Plaintiff. The Court in this regard has considered, among other things, the manner in which the witnesses testified, their interest in the outcome of the case, and the reasonableness of their testimony in light of all of the evidence. The Court has also considered the relevant factors in Section 1.14 of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition), located at http://www3.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Civil_Instructions_2018_9_0.pdf. In addition, the fact that Plaintiff took a photograph before talking to any teller indicates that Plaintiff was preparing for litigation and further undermines his credibility.

### III. Conclusions of Law

To succeed on an ADA claim, a plaintiff must establish: "(1) that [the plaintiff] is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). Discrimination includes the failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii). Plaintiff bears the burden of proof. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

"Evidence of a person's habit or the routine practice or custom of a business is admissible to prove conduct on a specific occasion in conformity with that habit, practice or custom." Rutter Grp. Prac. Guide Fed. Civ. Trials & Ev. Ch. 8E-D, § 8:1325. When determining whether conduct is to be considered habit, courts consider several factors, including the uniformity of response. *Id.* at § 8:1336 ("In order to qualify as habit, the response must be regular and repeated in relation to the particular situation."); *see also Mobil Exploration & Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 100 (5th Cir. 1995).

Based on the above findings of fact, the Court concludes that Plaintiff has not met his burden of establishing that Defendant discriminated against Plaintiff by refusing to assist him at the lowered transaction counter.[1]

### IV. Conclusion

In light of the Court's findings of fact and conclusions of law, the Court enters judgment in favor of Defendant.

IT IS SO ORDERED.

---

[1] Plaintiff's Unruh Civil Rights Act claim is premised on the existence of an ADA violation. Because Plaintiff has failed to prove an ADA violation, he has also failed to prove an Unruh Act violation.

Date: 12/26/18

            _____
            HON. STEPHEN V. WILSON
            UNITED STATES DISTRICT JUDGE

4